IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JEMECOS HOWARD                                                                                   PLAINTIFF

VS.                                                               **CIVIL ACTION NO. 2:09-CV-152-KS-MTP**

CHRISTOPHER EPPS, et al.                                                                    DEFENDANTS

**REPORT AND RECOMMENDATIONS**

THIS MATTER is before the court on a Motion for Declaratory Judgment [13] filed by Plaintiff. Having considered the motion and all matters made a part of the record of this case, as well as the applicable law, the undersigned is of the opinion that the motion should be denied.

In his motion, Plaintiff claims that Defendant Captain Brenda Sims has threatened and harassed him on several occasions, and on one occasion she kicked and choked him, on account of his religion.[1] Plaintiff also alleges that on one occasion Sims "denied [him] the right to eat lunch." Plaintiff seeks injunctive relief in the form of an order from the court that 1) "Defendants immediately cease all forms of aggravated harrassment [sic] of Plaintiff"; 2) Defendants stop giving him Rule Violation Reports (RVRs) for practicing his religious beliefs; and 3) Defendants allow Plaintiff to grow his hair in accordance with his religious beliefs (or, in the alternative, up to three inches in length, in accordance with Mississippi Department of Corrections policy). *See* [13].

A party requesting a temporary restraining order or preliminary injunction must demonstrate each of the following: 1) a substantial likelihood of success on the merits; 2) a substantial threat that failure to grant the injunction will result in irreparable injury; 3) the threatened injury must outweigh any damage that the injunction will cause to the adverse party;

---

[1] Plaintiff alleges that he is a Rastafarian. *See* Cplt. [1] at 4.

and 4) the injunction must not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell,* 248 F.3d 411, 419 n.15 (5th Cir. 2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune,* 534 F.2d 1115, 1121 (5th Cir. 1976).

Plaintiff cannot make this showing. With regard to the alleged harassment by Defendant Sims, the majority of the instances raised by Plaintiff in his motion involve alleged verbal harassment or threats. However, "mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations." *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) (*quoting Coyle v. Hughes*, 436 F. Supp. 591, 593 (W.D. Okla. 1977)). With respect to the physical violence alleged by Plaintiff, he has failed to allege or provide any evidence that he suffered any injuries as a consequence, or that any alleged injuries were more than *de minimis*. *See Copeland v. Nunan*, 2001 WL 274738, at *2 (5th Cir. Feb. 21, 2001) (*quoting Hudson v. McMillian*, 503 U.S. 1 (1992)) (internal quotations and citations omitted) ("The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind.").

In addition, even if Defendant Sims did deny Plaintiff lunch on one occasion, "[t]he deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the 'minimal civilized measure of life's necessities.'" *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (quoting *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998)). Whether the deprivation of food falls below this threshold depends on the amount and duration of the deprivation." *Id.* Even on a regular, permanent basis, two meals a day may be adequate. *Green v. Ferrell*, 801

F.2d 765, 770-71 (5th Cir. 1986). The alleged denial of one meal to Plaintiff clearly does not rise to the level of a constitutional violation. Plaintiff "has not alleged any specific harm....Neither has [he] claimed that he lost weight or suffered other adverse physical effects or was denied a nutritionally and calorically adequate diet, nor has he alleged having his health put at risk." *Berry*, 192 F.3d at 508 (upholding court's dismissal of prisoner's claim for missing eight meals over a six-month period as frivolous); *see also Turner v. Dretke*, 2009 WL 1232095, at * 1 (5th Cir. May 6, 2009) (holding that because plaintiff's allegations failed to "evince[ ] a continuous deprivation of food for any period much less a lengthy period," he did not state a constitutional claim).

As for Plaintiff's request for relief with respect to RVRs, Plaintiff has not provided the court with any evidence regarding this claim. He does not allege or provide any evidence that he has wrongfully received RVRs. Nor does Plaintiff establish that he will suffer irreparable harm if Defendants are not enjoined from issuing him RVRs. Thus, Plaintiff has failed to establish that he is entitled to injunctive relief on this basis.

Finally, with respect to Plaintiff's claim regarding his dreadlocks, he cannot show a substantial likelihood of success on the merits, as the Fifth Circuit has repeatedly rejected constitutional challenges to prison grooming regulations prohibiting long hair, holding that such regulations are rationally related to legitimate penological interests, including security and prisoner identification. *See*, *e.g.*, *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995) (holding that the Free Exercise Clause did not require an exception to a prison grooming policy that would allow a Rastafarian to grow dreadlocks); *Scott v. Mississippi Department of Corrections*, 961 F.2d 77, 80-82 (5th Cir. 1992) (holding that prison policy requiring short hair did not violate

3

Rastafarian prisoners' right to freely exercise their religion while incarcerated); *see also Hill v. Epps*, 2004 WL 5239431, at * 1 (N.D. Miss. Nov. 3, 2004) ("Periodic haircuts for inmates, even Rastafarians, are reasonably related to legitimate penological interests and thus do not violate the plaintiff's rights to free exercise of religion.").

RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that Plaintiff's Motion for Declaratory Judgment [13] be denied.

NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 30th day of October, 2009.

s/ Michael T. Parker
United States Magistrate Judge