IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JEMECOS HOWARD                                                                           PLAINTIFF

VS.                                               **CIVIL ACTION NO. 2:09-CV-152-KS-MTP**

CHRISTOPHER EPPS, et al.                                                      DEFENDANTS

**ORDER ON MOTIONS**

THIS PRISONER CIVIL RIGHTS MATTER is before the court on Plaintiff's various motions. Having considered the motions and the entire record in this matter, the court finds and orders as follows:

       1.       Plaintiff's Motion to Amend [24] his Complaint is granted. In his motion, Plaintiff seeks to add a claim against Defendants in their individual and official capacities for violation of his First Amendment right to free exercise of religion. Specifically, Plaintiff alleges that he is a Rastafarian and that the MDOC's grooming policy (which, according to Plaintiff, does not allow inmates to grow their hair longer than three inches) violates his right to grow his hair in accordance with his religion. Plaintiff also refers to his initial claims against Defendant Sims for harassment and abuse on account of his religion.

      Although Defendants argue that amendment would be futile because Plaintiff's claims do not pass constitutional muster (*see* [26]), they fail to provide any support for these assertions. Moreover, in his initial Complaint [1], Plaintiff raised a claim of denial of his First Amendment right to practice Rastafarianism, and challenged the MDOC grooming policy. Thus, Plaintiff's proposed amendment does not appear to materially change his claims in the instant lawsuit. Accordingly, the court finds that Plaintiff's motion should be granted. Plaintiff need not file any additional pleadings, as his complaint shall be deemed amended as set forth in his motion. The

court emphasizes that in allowing Plaintiff to amend his complaint, it is not expressing an opinion as to the merits of his claims or whether they will ultimately be successful;[1] rather, the court simply finds that at this juncture, Plaintiff has sufficiently stated a claim to allow the case to proceed for further factual development.

      2.      Plaintiff's Motion for the Application of the Doctrine of Collateral Estoppel [25] is denied. In this motion, Plaintiff seeks to apply the ruling of the court in *Benjamin v. Coughlin*, 708 F.Supp. 570 (S.D.N.Y. 1989)[2] to this case. Plaintiff's attempt to rely on the doctrine of collateral estoppel is misplaced. In order to determine whether collateral estoppel applies, the court must consider whether: 1) the issue under consideration is identical to that litigated in the prior action; 2) the issue was fully and vigorously litigated in the prior action; 3) the issue was necessary to support the judgment in the prior case; and 4) there is any special circumstance that would make it unfair to apply the doctrine. *Baros v. Texas Mexican Ry. Co.*, 400 F.3d 228, 232 (5th Cir. 2005) (citation omitted). An additional safeguard that must be present before estoppel can be applied is that "the 'facts and the legal standard used to assess them are the same in both proceedings.'" *Id.* (citation omitted).

---

[1] Indeed, as noted in the court's Report and Recommendations [28] regarding Plaintiff's Motion for Declaratory Judgment [13], the Fifth Circuit has repeatedly rejected constitutional challenges to prison grooming regulations prohibiting long hair, holding that such regulations are rationally related to legitimate penological interests, including security and prisoner identification. *See*, *e.g.*, *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995); *Scott v. Mississippi Department of Corrections*, 961 F.2d 77, 80-82 (5th Cir. 1992); *see also Hill v. Epps*, 2004 WL 5239431, at * 1 (N.D. Miss. Nov. 3, 2004).

[2] In that case, the court ruled that the doctrine of non-mutual offensive collateral estoppel applied against New York state prison officials to preclude re-litigation of the issue of whether a prison's initial haircut requirement violated Rastafarian inmates' First Amendment rights, where the issue had already been determined adversely to prison officials in two state court cases in which officials had a full and fair opportunity to litigate. *See Benjamin*, 708 F.Supp. at 573.

That is clearly not the case here. The instant case and the New York case relied upon by Plaintiff involve entirely different prison systems and grooming standards. Moreover, as noted in the court's Report and Recommendations [28] regarding Plaintiff's Motion for Declaratory Judgment [13], the majority of cases in *this* Circuit involving challenges to the MDOC's grooming regulations have upheld such regulations against constitutional attack, as the courts have generally found that the regulations are rationally related to legitimate penological interests, including security and prisoner identification. Thus, as neither the facts nor the law in these two cases are identical, application of the collateral estoppel doctrine is clearly inappropriate and Plaintiff's motion is denied.

SO ORDERED on this 30th day of October, 2009.

s/ Michael T. Parker
United States Magistrate Judge