IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JEMECOS LESHUN HOWARD                                              PLAINTIFF

VS.                                             CIVIL ACTION NO. 2:09cv152-KS-MTP

CHRISTOPHER EPPS, et al.                                          DEFENDANTS

**OMNIBUS ORDER**

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on December 15, 2009. The Plaintiff appeared *pro se*, and the Defendant was represented by attorneys Pelicia Hall and Charles Irvin. The Court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing; a scheduling/case management hearing; and a discovery conference. The Court's purpose in conducting the hearing is to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. After due consideration of the issues involved in this case and the requests for discovery, the Court does hereby find and order as follows:

**1. JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Plaintiff is currently incarcerated at South Mississippi Correctional Institution (SMCI), having been convicted of a felony. Plaintiff's claims were clarified by his sworn testimony during the *Spears* hearing.[2]

Plaintiff, a Rastafarian, claims that he is being prevented from practicing his religion as a result of alleged harassment he has been experiencing at SMCI at the hands of Defendant Captain

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] *See Hurns v. Parker*, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

1

Brenda Sims.  Specifically, Plaintiff claims that on July 7, 2009, Captain Sims kicked and choked him, and as a result he had to seek medical attention.  Plaintiff claims that on August 17, 2009, Captain Sims ripped off his shirt and made him walk through Tower 5, which was humiliating.  Plaintiff also claims that on one occasion, Captain Sims prevented him from eating lunch.  Finally, Plaintiff claims that Captain Sims has caused him to receive bogus Rule Violation Reports (RVRs) for alleged violations of MDOC policy[3] which have resulted in his placement into C custody and the loss of family visitation privileges.

Plaintiff claims that Christopher Epps, Commissioner of MDOC, told him that he cannot grow dreadlocks, even though that is not a correct statement of MDOC policy.  Plaintiff complains that Mr. Epps has refused to stop the harassment or to expunge his bogus RVRs.  Plaintiff argues that Mr. Epps should have provided him relief during the grievance process.  Plaintiff explained that he has sued Ronald King, Superintendent of SMCI, for the same reasons.  Plaintiff claims that Mr. King should have stopped Captain Sims from writing him bogus RVRs.

**2. DISCOVERY ISSUES**

At the *Spears* hearing, Defendants produced to Plaintiff the following documents: all Rule Violation Reports from February 2009 to the present; several MDOC policies regarding religious observance; and any ARP filed by Plaintiff, as well as responses thereto, from February 2009 to the present.  Within thirty days, Defendants shall produce to Plaintiff a copy of his medical records from July 2009 to the present.   There are no other discovery matters pending at this time, except for those set forth herein.  The discovery matters set forth herein will fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed

---

[3] According to Plaintiff, MDOC policy prohibits inmates from having hair longer than three inches.  Plaintiff claims that although he has dreadlocks, his hair is less than three inches in length and, therefore, he is in compliance with MDOC policy.

2

reasonable or appropriate considering the issues at stake in this litigation. *See* Fed. R. Civ. P. 26(b)(1). The parties shall not propound additional discovery requests unless leave of Court is requested and obtained.

### 3. MOTIONS DEADLINE AND TRIAL

The deadline for the filing of motions (other than motions *in limine*) is February 15, 2010. Upon expiration of the motions deadline and a ruling on any such motions, the court will set the matter for trial as appropriate.

IT IS, THEREFORE ORDERED:

1. Defendants' Motion to Strike [34] Plaintiff's Reply [32] to Defendants' Answer [19] is granted. Pursuant to Fed. R. Civ. P. 7(a), a reply to an answer is only authorized if ordered by the court. Plaintiff filed his reply without seeking leave of court. Nor does the court find that such a pleading is necessary. Accordingly, the Motion to Strike [34] is granted and the Reply [32] shall be deemed stricken from the record.

2. Within thirty days, Defendants shall produce to Plaintiff a copy of his medical records from July 2009 to the present.

3. The deadline for the filing of motions (other than motions *in limine*) is February 15, 2010.

4. This order may be amended only by a showing of good cause.

5. Plaintiff's failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and may be grounds for dismissal without notice to the plaintiff.

SO ORDERED on this the 17th day of December, 2009.

s/ Michael T. Parker
United States Magistrate Judge