**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**


JEMECOS HOWARD                                                                                 PLAINTIFF

VERSUS                                                          CIVIL ACTION NO. 2:09cv152-KS-MTP

CHRISTOPHER EPPS, et al.                                                              DEFENDANTS


## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

THIS MATTER is before the court on a Motion for Summary Judgment [41] filed by

Defendants. Having reviewed the submissions of the parties, the entire record in this case and

the applicable law, this Court finds that the motion should granted,  that Plaintiff's First

Amendment claim and his claims relating to the RVRs be dismissed with prejudice, and that

Defendants Christopher Epps and Ronald King be dismissed with prejudice. This Court further

finds that Plaintiff's claim of harassment and denial of a meal against Defendant Sims should be

dismissed with prejudice, but that Plaintiff's claim of excessive force against Defendant Sims is

not dismissed.



## I. PROCEDURAL HISTORY

Plaintiff Jemecos Howard, proceeding *pro se* and *in forma pauperis*, filed suit on August

4, 2009 pursuant to 42 U.S.C. § 1983.  In his Complaint, and as clarified at an omnibus hearing

held on December 15, 2009 pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985),

Plaintiff, a Rastafarian, alleges that he was harassed and discriminated against at South

Mississippi Correctional Institution (SMCI) on account of his religious affiliation - in particular,

because of his dreadlocks. Specifically, Plaintiff claims that on July 7, 2009, Defendant Captain Brenda Sims kicked and choked him, and as a result he had to seek medical attention. Plaintiff claims that on August 17, 2009, Captain Sims ripped off his shirt and made him walk through Tower 5 shirt-less, which was humiliating. Plaintiff also claims that on one occasion, Captain Sims prevented him from eating lunch. Finally, Plaintiff claims that Captain Sims has caused him to receive bogus Rule Violation Reports (RVRs) which have resulted in his placement into "C custody" and the loss of family visitation privileges.

Plaintiff claims that Christopher Epps, Commissioner of MDOC, told him that he cannot grow dreadlocks, even though that is not a correct statement of MDOC policy. Plaintiff complains that Mr. Epps has refused to stop the harassment or to expunge his bogus RVRs. Plaintiff argues that Mr. Epps should have provided him relief during the grievance process. Plaintiff explained that he has sued Ronald King, Superintendent of SMCI, for the same reasons. Also, Petitioner asserts that Mr. King should have stopped Captain Sims from writing the RVRs.

Magistrate Judge Michael T. Parker enter his Report and Recommendation [43] in this case on March 12, 2010, and the Petitioner subsequently filed his Objection [44] to the Report and Recommendation on March 26, 2010. This Court will address the Petitioner's objections below.

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). *See also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III

Judge as to those issues to which an objection is made."). Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

### III. PETITIONER'S OBJECTIONS AND ANALYSIS

In his Objection to the Report and Recommendation, the Petitioner maintains that his dreadlocks were within the M.D.O.C. policy since they were shorter than three inches in length. [44] at 2. The Petitioner has, however, failed to provide any evidence that his dreadlocks were in compliance with policy other than his own unsubstantiated assertion to that effect. *Id*. Therefore, with no evidentiary showing of this assertion, the Petitioner's case against Defendants Epps and King must be based solely on some theory of *respondaet superior*. However, as explicitly stated in the Report and Recommendation [43] at 8, Section 1983, the provision under which the Petitioner brings this action, does not "create supervisory or *respondeat superior* liability." *Oliver v. Scott,* 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *see also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) ("Under § 1983, supervisory officials cannot be held liable for the actions of subordinates under any theory of vicarious liability.") (citations omitted). "To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Jolly v. Klein*, 923 F.

Supp. 931, 943 (S.D. Tex. 1996) (citing *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)).

Furthermore, a prison Warden's review and denial of a prisoner's grievance is not sufficient to

show personal involvement in deprivation of a an inmate's constitutional rights. *Anderson v.*

*Pratt*, 2002 WL 1159980, at * 3 (N.D. Tex. May 29, 2002).

No objection has been made as to the dismissal of the Petitioner's claims of bogus RVRs,

harassment, and denial of a meal against Defendant Sims. Accordingly, the Report and

Recommendation [43 at pp. 10 - 13] is adopted as to these claims.


## IV. CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of

the entire record and a *de novo* review of the matters raised by the objections. For the reasons set

forth above, this Court concludes that Howard's objections lack merit and should be overruled.

The Court further concludes that the Report and Recommendation is an accurate statement of the

facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves,

and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report

and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael

T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and the

Defendants' Motion to Summary Judgment [41] is **granted**, that the Plaintiff's First Amendment

claim and his claims relating to the RVRs are **dismissed with prejudice** since these claims are

without merit as a matter of law, and that the Defendants Christopher Epps and Ronald King are,

therefore, **dismissed with prejudice**. It is further ordered that the Plaintiff's claims of

harassment and denial of a meal against Defendant Sims are **dismissed with prejudice** pursuant

to 28 U.S.C. § 1915(e)(2), but that the Plaintiff's claim against Defendant Sims for excessive force **is not dismissed** since the Defendants have not sought summary judgement on this claim, and the record before the Court does not show that this claim should be dismissed as a matter of law pursuant to 28 U.S.C. § 1915(e)(2).

SO ORDERED AND ADJUDGED on this, the 20th day of July, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE